1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD SPENCE,<br><br>    Plaintiff,<br><br>v.<br><br>KELLY SANTORO, et al.,<br><br>    Defendants. | Case No.: 1:18-cv-01363-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE MAGISTRATE JUDGE'S NOVEMBER 7, 2018, SCREENING ORDER<br><br>[ECF No. 13] |

Plaintiff Gerald Spence is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On November 7, 2018, the Magistrate Judge screened Plaintiff's first amended complaint, found that Plaintiff failed to state a cognizable claim for relief, and granted Plaintiff thirty days to file a second amended complaint. (ECF No. 12.)

On November 19, 2018, Plaintiff filed objections to the November 7, 2018, addressed to the district judge. The Court construes Plaintiff's objections as a motion for reconsideration.

**I.**

**DISCUSSION**

"A Magistrate Judge's screening order is not a final order dispositive of a claim or defense. Reid v. United States, No. 1:14-cv-01163-LJO-MJS, 2015 WL 2235127, at *1 (E.D. Cal. May 12,

2015). Under Rule 72(a), a party may object to any nondispositive orders entered by a magistrate judge, and a district judge is required to "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Likewise, Local Rule 303(c) states: "A party seeking reconsideration of the Magistrate judge's ruling shall file a request for reconsideration by a Judge and serve the Magistrate Judge and all parties. Such relief shall specifically designate the ruling, or part thereof, objected to and the basis for that objection."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the … court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). "A motion for reconsideration may not be used to raise arguments to present or present evidence for the first time when they could reasonably have been raised in earlier litigation." Id. Furthermore, " '[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation…'" of that which was already considered by the court in rendering its decision." U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (quotations omitted).

Plaintiff argues that a claim under the California Bane Act is both criminal and civil and is not restricted by the Government Claims Act, and that Defendants were deliberately indifferent to his personal safety by housing him with inmate Cole. (ECF No. 13.) The Magistrate Judge's screening order which granted Plaintiff leave to file a second amended complaint, was neither clearly erroneous nor manifestly unjust. First, contrary to Plaintiff's claim, a California Bane Act claim is civil state law claim and compliance with the Government Claims Act is a necessary prerequisite to proceeding on such a claim. Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208-09 (Cal. 2007). Second, Plaintiff's second amended complaint failed to allege sufficient facts to give rise to a claim under the California Bane Act. Third, Plaintiff continues to make conclusory allegations that Defendants failed to write report and intervene during the fight with his cellmate. However, as stated in the Magistrate Judge's October 16, 2018, second screening order, Plaintiff's allegations were simply insufficient to demonstrate that any Defendant knew of and disregarded a substantial risk to Plaintiff's safety. Plaintiff simply repeats his allegations, which at most evidences a disagreement with the Court's

decision, which is not enough to support a motion for reconsideration. Westlands Water Dist., 134 F.Supp.2d at 1131. To the extent Plaintiff is attempting to reference allegations presented in his original complaint, as stated in the Court's screening orders, "an amended complaint supersedes the original complaint" and "must be 'complete in itself without reference to the prior or superseded pleading.'" (ECF Nos. 8, 12.) If Plaintiff wishes to clarify his claims, the Magistrate Judge granted him an opportunity to file a second amended complaint, and Plaintiff should heed the directive. Plaintiff will be granted additional time to prepare and file a second amended complaint. Accordingly, Plaintiff's motion for reconsideration is denied.

## II.
## ORDER

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion for reconsideration is DENIED;

2. Within thirty days from the date of service of this order, Plaintiff may file a second amended complaint, if so desired; and

3. Plaintiff's failure to comply with this order will result dismissal of the action for failure to comply with a court order and failure to state a cognizable claim for relief.

IT IS SO ORDERED.

Dated: **November 24, 2018**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE