# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD SPENCE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KELLY SANTORO, et al.,<br><br>　　　　Defendants. | Case No.: 1:18-cv-01363-LJO-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF'S THREE-DAY EXTENSION OF TIME NUNC PRO TUNC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF Nos. 18, 19] |

Plaintiff Gerald Spence is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's third amended complaint, filed January 31, 2019. Plaintiff's motion for a three-day extension of time to file the third amended complaint is granted nunc pro tunc to January 31, 2019. (ECF No. 18.)

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[]

1

monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

In January 2018, Plaintiff was housed in Building 5 Cell 113L at North Kern State Prison (NKSP), with his cellmate Brandon Cole. Although inmate Cole was not in the mental health delivery program, he suffered from mental health disorders and was placed in the CDCR enhanced outpatient program (EOP) for mental health.

On December 31, 2017, Plaintiff notified management/supervisory staff by CDCR Form 22 to Warden Kelly Santoro, after repeated attempts to get a cell move from floor staff including, but not limited to, offices Luna, Ornelas and Mariscal who dismissed Plaintiff's request with "everybody is crazy." The responsibility for the move was placed on Plaintiff. The CDCR Form 22 explained the known risk of imminent harm.

Warden Santoro delegated the Form 22 investigation to captain Arse. Lieutenants I. Quintero and A. Flores interviewed Plaintiff regarding the Form 22, while Arse was across the hall. Lieutenant

2

Flores referred to inmates who complain on staff as "snitches." Lieutenant Quintero failed to take Plaintiff's notice and complaint seriously by calling it a "hustle." The entire atmosphere of the interview placed Plaintiff on the defensive being ridiculed and demeaned with malice/contempt for a compliant on an officer in 2013, which Quintero questioned during the interview.

On the morning of January 13, 2018, inmate Cole physically assaulted Plaintiff without provocation. Plaintiff was punched in the head, and Cole attempted to penetrate Plaintiff's right eye socket with his thumb nail causing migraine headache and significant bleeding from the right eye. To get the thumb out of Plaintiff's eye, he bit Cole on his face. As the fight continued, Cole hit the cell door and called for help. Officer Ornelas went to the cell door, saw the fight, and without a word to either bloody inmate turned and went back to the office. A moment later, two inmates appeared at the cell door, and the tower opened the door. The two inmates broke up the fight and moved inmate Cole. Both Plaintiff and Cole were bleeding from their injuries. Officer Ornelas observed them from a distance of approximately ten to fifteen feet, and commented on the injuries but failed to send either inmate to medical or call for medical attention. Neither Plaintiff nor Cole were issued a rules violation for the fight. Cole was moved to Building 4 Side B, in the "dog program" by himself. Inmate Cole remained in Building 4 for two months, conveying threats the entire time until involuntarily transferred to EOP.

Plaintiff requests treatment by an optometry specialist due to bright "floaters" in the right eye with constant irritation, as well as $300,000 per Defendant and single cell status.

### III.
### DISCUSSION

**A.     Failure to Protect**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (quotations omitted). Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in

prison is simply not part of the penalty that criminal offenders pay for their offenses against society. Farmer, 511 U.S. at 833-34 (quotation marks omitted); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841 (quotations omitted); Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040.

Plaintiff's allegations that his cellmate was "crazy" and had previously assaulted a prior cellmate are insufficient to demonstrate that any Defendant was subjectively aware of a potential danger to Plaintiff beyond what might reasonably be expected in a typical prison setting. See, e.g., Hudson v. Palmer, 468 U.S. 517, 526 (1984) ("Prisons, by definition, are places of involuntary confinement of persons who have demonstrated proclivity for antisocial criminal, and often violent, conduct."); Berg v. Kincheloe, 794 F.2d 457, 461 (9th Cir. 1986) (observing prison environment is "at best, tense[.]" "sometimes explosive," and "always potentially dangerous."). The mere fact that inmate Cole was previously housed in mental health or had previously been involved in a fight(s) does not impute knowledge to these Defendants. Furthermore, Plaintiff's conclusory claim that he was labeled a "snitch" and the issue was labeled a "hustle" are insufficient to demonstrate that these Defendants knew of and disregarded a substantial risk to Plaintiff's safety. Accordingly, Plaintiff fails to state cognizable failure to protect claim against any of the named Defendants.

**B.     Deliberate Indifference to Serious Medical Need**

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing

4

Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

"A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Wilhelm, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted). In addition, mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; Snow, 681 F.3d at 987-88; Wilhelm, 680 F.3d at 1122 ("The deliberate indifference doctrine is limited in scope.").

Plaintiff summarily claims that Defendants failed to send him for medical attention after the fight. However, Plaintiff's has failed to meet either the objective or subjective elements to state a cognizable claim for deliberate indifference to a serious medical need. That is, Plaintiff has failed to set forth sufficient factual allegations to demonstrate that he suffered a serious medical and that any disregarded any serious medical need. Although Plaintiff alleges that he was "bloody" after the fight he fails to demonstrate that he was suffering from a serious medical need that warranted immediate medical attention. Accordingly, Plaintiff fails to state a cognizable claim under the Eighth Amendment.

///
///
///

## IV.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for a three-day extension of time to file the third amended complaint is granted nunc pro tunc to January 31, 2019. (ECF No. 18.)

## V.
## CONCLUSION AND RECOMMENDATION

For the reasons stated, Plaintiff fails to state a cognizable claim for relief against any Defendant. The Court provided Plaintiff with an opportunity to correct the deficiencies, but rather than provide additional facts, Plaintiff simply submitted a *verbatim* copy of the second amended complaint, labeled as a third amended complaint. Further leave to amend is therefore not warranted. Akhtar v. Mesa, 698 F.3d at 1212-1213; Lopez v. Smith, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d at 1448-1449.

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, without further leave to amend, for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 4, 2019**

UNITED STATES MAGISTRATE JUDGE