| | |
|---|---|
| | |

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD SPENCE, | ) Case No.: 1:18-cv-01363-LJO-SAB (PC) |
| Plaintiff, | ) |
| v. | ) ORDER ADOPTING FINDINGS AND RECOMMENDATION, AND DISMISSING ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF |
| KELLY SANTORO, et al., | ) |
| Defendants. | ) [ECF Nos. 19, 20, 21] |

Plaintiff Gerald Spence is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On February 4, 2019, the Magistrate Judge issued a Findings and Recommendation recommending that the instant action be dismissed for failure to state a cognizable claim for relief. (ECF No. 20.) The Findings and Recommendation was served on Plaintiff and contained notice that objections were to be filed within fourteen days. (Id.) On February 19, 2019, Plaintiff filed objections. (ECF No. 21.)

In the Findings and Recommendations, the Magistrate Judge screened Plaintiff's third amended complaint and found that Plaintiff failed to state a cognizable failure to protect and deliberate indifference claim against any of the named Defendants. The Magistrate Judge noted that Plaintiff's second amended complaint appeared to be a verbatim copy of the second amended complaint.

1

In his objections, Plaintiff contends that his third amended complaint is not a verbatim copy of his second amended complaint, as two new paragraphs were added to the third amended complaint. While Plaintiff is correct that he added two new paragraphs, the addition of paragraphs seven and eighteen does not substantively alter the analysis set forth in the Findings and Recommendation. Even with the addition of paragraphs seven and eighteen and despite being provided the applicable legal standard and amendment of the complaint three times, Plaintiff continues to argue in conclusory fashion that officer Ornelas failed to summon medical attention for him following the altercation with his cellmate. However, Plaintiff's bare claim that he was "bloody" and that officer Ornelas failed to send him for immediate medical attention is insufficient factually to support a claim for deliberate indifference. No facts demonstrate that Defendant Ornelas was aware of a serious medical condition that warranted immediate medication attention. In addition, mere delay, alone, is insufficient to demonstrate deliberate indifference. Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Moreover, as stated in the Findings and Recommendation, Plaintiff's conclusory allegations are insufficient to support a finding that any Defendant had specific knowledge of a potential threat by his cellmate and acted with disregard to Plaintiff's safety. See, e.g., Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986) (prison officials "must have more than a mere suspicion that an attack will occur" before they are obligated to take steps to prevent an inmate assault) (citations and internal quotation marks omitted).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, he Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Findings and Recommendation filed on February 2, 2019, is adopted in full; and
2. The instant action is dismissed for failure to state a cognizable claim for relief.

IT IS SO ORDERED.

Dated: **April 12, 2019**     **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE